527132

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHELLE HORTON,

        Plaintiff,

vs.

48th DISTRICT COURT *for Birmingham, Bloomfield Hills, Sylvan Lake, Keego Harbor, Orchard Lake Village, and the townships of Bloomfield and West Bloomfield;* and
JAMES P. HARKINS, JR., *individually and in his official capacity,*

        Defendants.

## DEMAND FOR JURY TRIAL

JUDGE : Feikens, John
DECK  : S. Division Civil Deck
DATE  : 06/14/2005 @ 15:34:46
CASE NUMBER : 2:05CV72356
CMP HORTON V. 48TH DISTRICT COURT (KC)

MAGISTRATE JUDGE PEPE

---

**DEBORAH L. GORDON, PLC.**
**Deborah L. Gordon (P27058)**
Attorneys for Plaintiff
33 Bloomfield Hills Parkway, Suite 275
Bloomfield Hills, Michigan 48304
Telephone 248 258 2500

---

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff **Michelle Horton** by her attorneys **Deborah L. Gordon, PLC** complains against Defendants as follows:

### Jurisdiction and Parties

1. This is an action for deprivation of Plaintiff's rights under the United States Constitution, and for wrongful discharge and defamation under Michigan common law, arising out of Plaintiff's employment relationship with Defendants **48th District Court** and **James P. Harkins, Jr.**

2. This Court has jurisdiction of Plaintiff's' constitutional claim under and pursuant

to 42 USC §1983, 28 USC §1343 and 28 USC §1331. Venue lies in the Eastern District of Michigan pursuant to 28 USC 1391(b).

3. This Court has supplemental jurisdiction of Plaintiff's state law claims pursuant to 28 USC §1367.

4. Plaintiff **Michelle Horton** (hereafter "Plaintiff **Horton**") is a citizen of the United States and a resident of Washington Township, Michigan, within the Eastern District of Michigan.

5. Defendant **48th District Court** is organized under the laws of the State of Michigan, and is located within the Eastern District of Michigan.

6. Defendant **James P. Harkins, Jr.** (hereafter "Defendant **Harkins**") is Court Administrator and Clerk for Defendant 48th District Court. Upon information and belief, Defendant **Harkins** resides within the Eastern District of Michigan.

7. The events giving rise to this cause occurred within the Eastern District of Michigan and this matter is otherwise within the jurisdiction of this court.

## Background Facts

8. Plaintiff **Horton** became employed at Defendant **48th District Court** on or about December, 1990, as a deputy clerk.

9. Throughout the course of her employment with Defendant **48th District Court**, Plaintiff has performed her job duties in a manner that was satisfactory or better.

10. In fact, Plaintiff was designated "Employee of the Year" for 2004 at Defendant **48th District Court.**

11. As Court Administrator, Defendant **Harkins** had supervisory authority over Plaintiff's employment.

12. On or about December 10, 2004, two Bloomfield Township detectives suddenly and without warning appeared at Defendant **48th District Court** to interrogate Plaintiff, claiming the interrogation was related to "criminal favors."

13. Plaintiff was stunned at the aforementioned interrogation, which was two hours long, extremely hostile, and included a number outrageous and groundless accusations against her.

14. At the time of Plaintiff's interrogation, Judge Marc Barron had recently been elected to a judicial seat at Defendant **48th District Court.**

15. During Barron's election campaign, his wife had been arrested for driving under the influence and her arrest record had been entered at 48th District Court. In September, 2004, stories about the incident appeared in local newspapers.

16. During her interrogation, Plaintiff was questioned about Barron's wife's case, and whether she had provided copies of the court's records to anyone, which she had not.

17. Plaintiff was also questioned about whether she had been concerned about the outcome of the election for the seat that Barron had won.

18. On December 16, 2004, Plaintiff received notice from Defendant 48th District Court that her employment had been terminated. Plaintiff's termination letter, signed by Defendant Harkins, stated that she was being terminated for "personal use" of two of the Court's information systems–the "SOS" and "Lien" systems.

19. Contrary to statements in the termination letter, Plaintiff had never used Defendant **48th District Court's** systems for personal use and had never admitted to detectives that she had done so.

20. Plaintiff was terminated without a proper hearing or meaningful opportunity to respond to the charges against her.

21. On December 16, 2004, Defendant **Harkins** took the unprecedented action of circulating a memo to "all employees" which stated that Plaintiff had been terminated because she had committed "repeated violations of the LEIN and/or SOS policy."

## COUNT I
## 42 USC § 1983 - Due Process

22. Plaintiff repeats and realleges the allegations set forth in Paragraphs 1 through 21 as though set forth in full herein.

23. As Court Administrator and Clerk at 48th District Court, Defendant **Harkins'** acts represent official policy of Defendant **48th District Court** and are attributable to Defendant **48th District Court**.

24. Acting under color of law, Defendant **Harkins** promulgated and carried out the official policies, orders and directives described above intentionally and deliberately, with wanton and reckless disregard for the civil and constitutional rights, privileges and sensibilities of the Plaintiff, including the fundamental right to due process of law and other applicable provisions of the United States Constitution.

25. By promulgating and carrying out the policies, orders and directives described above, Defendant **Harkins** has unlawfully violated Plaintiffs' constitutional rights.

26. Plaintiff enjoyed a constitutionally protected property interest in continued employment.

27. Acting under color of law and pursuant to his authority as Court Administrator and Clerk at Defendant **48th District Court**, Defendant **Harkins** advised Plaintiff, by way of correspondence which she received on December 16, 2005, that her employment had been terminated, effective immediately.

28. Before depriving Plaintiff of her constitutionally protected property interest in continued employment, Defendants did not conduct a pretermination hearing or otherwise

4

afford Plaintiff notice of the grounds for her termination and a meaningful opportunity to respond.

29. Defendants' actions in depriving Plaintiff of her constitutionally protected property interest in continued employment absent a pretermination hearing or other notice of the grounds for her termination and an opportunity to respond abridges her right to due process of law in violation of the Fourteenth Amendment to the United States Constitution.

30. Plaintiff's reputation and her opportunity to pursue future employment constitute a constitutionally protected liberty interest.

31. At the time of Plaintiffs' termination, Defendant **Harkins** and/or other agents of Defendant **48th District Court** publicly leveled charges and claims against Plaintiff which stigmatized Plaintiff and severely damaged Plaintiffs' opportunity for future employment.

32. Said claims and charges were false.

33. Said claims and charges were widely publicized.

34. Said claims and charges were implicated in the dismissal process.

35. Plaintiff was denied a meaningful name clearing hearing prior to or following her termination.

36. Defendants' actions in depriving Plaintiff of her constitutionally protected liberty interest in her reputation and her opportunity to pursue future employment by terminating her without a name clearing hearing or other notice of the grounds for her termination and an opportunity to respond abridges her right to due process of law in violation of the Fourteenth Amendment to the United States Constitution.

37. At all times material hereto, Plaintiff had a clearly established right to due process of law of which a reasonable public official would have known.

38.     As a direct and proximate result of Defendants' wrongdoing, Plaintiff has sustained loss of earnings and earning capacity, past and future lost earnings, the value of fringe and pension benefits, loss of job and career opportunities, damage to her good name and reputation in the community, mental and emotional distress, humiliation and embarrassment, loss of the enjoyment of the ordinary pleasures of everyday life, and loss of the ability to pursue employment of choice.

## COUNT II
### Wrongful Discharge-Breach of Implied Contract and Legitimate Expectations

39.     Plaintiff repeats and realleges the allegations set forth in Paragraphs 1 through 38 as though set forth in full herein.

40.     Defendants at all times material hereto, maintained a written "Personnel and Procedures Manual" requiring good cause for the termination of court employees, including Plaintiff, and a practice of not terminating employees without good or just cause.

41.     Plaintiff received a copy of the aforementioned handbook during her employment with Defendants.

42.     Throughout the course of her employment with Defendants, Plaintiff relied on the policies, practices and procedures of Defendants, which provided that employees would not be terminated without good or just cause.

43.     The aforementioned policies, practices and procedures constituted an implied contract of employment between Plaintiff and Defendant **48th District Court.**

44.     Defendant **48th District Court's** policies, procedures, and practices created a reasonable expectation of continued employment in Plaintiff and other employees of Defendant **48th District Court.**

45.     Contrary to Defendant **48th District Court's** policies, practices and procedures,

6

Plaintiff was terminated on December 16, 2004, without cause.

46. As a direct and proximate result of Defendants' wrongdoing, Plaintiff has sustained loss of earnings and earning capacity, past and future lost earnings, the value of fringe and pension benefits, loss of job and career opportunities, damage to her good name and reputation in the community, mental and emotional distress, humiliation and embarrassment, loss of the enjoyment of the ordinary pleasures of everyday life, and loss of the ability to pursue employment of.

## COUNT III
### Defamation

47. Plaintiff repeats and realleges the allegations set forth in Paragraphs 1 through 46 as though set forth in full herein.

48. The statement that Plaintiff had committed "repeated violations of the LEIN and/or SOS policy" is false.

49. Defendant **Harkins** and/or other agents of Defendant **48th District Court** reported and published to third parties that Plaintiff had committed "repeated violations of the LEIN and/or SOS policy" and was terminated for these violations.

50. Defendants' representations that Plaintiff had committed "repeated violations of the LEIN and/or SOS policy" and was terminated for these violations were false and malicious.

51. Defendants knew that the information was false or misleading.

52. Defendants published the remarks to third parties with knowledge of the falsity of the statements or in reckless disregard of truth or falsity.

53. Defendants' statements were not privileged.

54. Defendants' statements amount to gross negligence.

55. Defendants made the false statements in order to prejudice Plaintiff in the

7

conduct of her business or to deter others from dealing with her.

56.   Defendants' statements were defamation *per se*.

57.   Defendants' defamatory statements resulted in seriously damaging Plaintiff's reputation.

58.   As a direct and proximate result of Defendants' wrongdoing, Plaintiff has sustained loss of earnings and earning capacity, past and future lost earnings, the value of fringe and pension benefits, loss of job and career opportunities, damage to her good name and reputation in the community, mental and emotional distress, humiliation and embarrassment, loss of the enjoyment of the ordinary pleasures of everyday life, and loss of the ability to pursue employment of choice.

## RELIEF REQUESTED

**Wherefore,** Plaintiff **Michelle Horton** demands judgment against Defendants as follows:

   A.   **Legal Relief:**

   1.   Compensatory damages in whatever amount she is found to be entitled;
   2.   Exemplary damages in whatever amount she is found to be entitled;
   3.   Punitive damages in whatever amount she is found to be entitled;
   4.   An award of interest, costs and reasonable attorney fees.

   B.   **Equitable Relief:**

   1.   An order from this Court reinstating Plaintiff to the position she would have held had there been no wrongdoing by Defendants.
   2.   An injunction from this Court prohibiting any further acts of retaliation against Plaintiff.
   3.   An award of interest, costs and reasonable attorney fees.
   4.   Whatever other equitable relief appears appropriate at the time of final judgment.

DEBORAH L. GORDON, PLC

By _/s/ D. L. Gordon_
Deborah L. Gordon (P27058)
Attorneys for Plaintiff
33 Bloomfield Hills Parkway, Suite 275
Bloomfield Hills Michigan 48304

Dated: June 14, 2005         Telephone 248 258 2500

## DEMAND FOR TRIAL BY JURY

Plaintiffs **Michelle Horton**, by her attorneys, **Deborah L. Gordon, PLC**, demand a trial by jury of all the issues in this cause.

**DEBORAH L. GORDON, PLC**

By _/s/ D. L. Gordon_
Deborah L. Gordon (P27058)
Attorneys for Plaintiff

Dated: June 14, 2005

# CIVIL COVER SHEET

COUNTY IN WHICH THIS ACTION AROSE: Oakland County

STDP

JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.

**I. (a) PLAINTIFFS**
MICHELE HORTON

**DEFENDANTS**
05-72356
48TH DISTRICT COURT, and JAMES P. HARKINS, Jr.,
4280 Telegraph Road
Bloomfield Hills, Michigan 48304

(b) County of Residence of First Listed Plaintiff: Macomb County  26099

County of Residence of First Listed Defendant: Oakland County

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED

(C) ATTORNEYS (FIRM NAME, ADDRESS AND TELEPHONE NUMBER)
Deborah L. Gordon, PLC
Deborah L. Gordon (P27058)
33 Bloomfield Hills Parkway, Suite 275
Bloomfield Hills, Michigan 48304    Phone (248) 258 2500

ATTORNEYS (IF KNOWN)
JOHN FEIKENS

MAGISTRATE JUDGE PEPE

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)
- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box For Plaintiff And One Box for Defendant) (For Diversity Cases Only)

| | PLA | DEF | | PLA | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

CONTRACT: 110 Insurance; 120 Marine; 130 Miller Act; 140 Negotiable Instrument; 150 Recovery of Overpayment & Enforcement of Judgment; 151 Medicare Act; 152 Recovery of Defaulted Student Loans (Excl. Veterans); 153 Recovery of Overpayment of Veteran's Benefits; 160 Stockholders' Suits; 190 Other Contract; 195 Contract Product Liability

TORTS — PERSONAL INJURY: 310 Airplane; 315 Airplane Product Liability; 320 Assault, Libel & Slander; 330 Federal Employers' Liability; 340 Marine; 345 Marine Product Liability; 350 Motor Vehicle; 355 Motor Vehicle Product Liability; 360 Other Personal Injury

TORTS — PERSONAL INJURY: 362 Personal Injury—Med. Malpractice; 365 Personal Injury—Product Liability; 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY: 370 Other Fraud; 371 Truth in Lending; 380 Other Personal Property Damage; 385 Property Damage Product Liability

FORFEITURE/PENALTY: 610 Agriculture; 620 Other Food & Drug; 625 Drug Related Seizure of Property 21:881; 630 Liquor Laws; 640 R.R. & Truck; 650 Airline Regs.; 660 Occupational Safety/Health; 690 Other

LABOR: 710 Fair Labor Standards Act; 720 Labor/Mgmt. Relations; 730 Labor/Mgmt. Reporting & Disclosure Act; 740 Railway Labor Act; 790 Other Labor Litigation; 791 Empl. Ret. Inc. Security Act

BANKRUPTCY: 422 Appeal 28 USC 158; 423 Withdrawal 28 USC 157

PROPERTY RIGHTS: 820 Copyrights; 830 Patent; 840 Trademark

SOCIAL SECURITY: 861 HIA (1395ff); 862 Black Lung (923); 863 DIWC/DIWW (405(g)); 864 SSID Title XVI; 865 RSI (405(g))

FEDERAL TAX SUITS: 870 Taxes (U.S. Plaintiff or Defendant); 871 IRS — Third Party 26 USC 7609

OTHER STATUTES: 400 State Reapportionment; 410 Antitrust; 430 Banks and Banking; 450 Commerce/ICC; 460 Deportation; 470 Racketeer Influenced and Corrupt Organizations; 810 Selective Service; 850 Securities/Commodities/Exchange; 875 Customer Challenge 12 USC 3410; 891 Agricultural Acts; 892 Economic Stabilization Act; 893 Environmental Matters; 894 Energy Allocation Act; 895 Freedom of Information Act; 900 Appeal of Fee Determination Under Equal Access to Justice; 950 Constitutionality of State Statutes; 890 Other Statutory Actions

REAL PROPERTY: 210 Land Condemnation; 220 Foreclosure; 230 Rent Lease & Ejectment; 240 Torts to Land; 245 Tort Product Liability; 290 All Other Real Property

CIVIL RIGHTS: 441 Voting; [X] 442 Employment; 443 Housing/Accommodations; 444 Welfare; 440 Other Civil Rights

PRISONER PETITIONS: 510 Motions to Vacate Sentence; HABEAS CORPUS: 530 General; 535 Death Penalty; 540 Mandamus & Other; 550 Civil Rights; 555 Prison Condition

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity)
Action under 42 USC § 1983 for violation of plaintiff's constitutional rights and for breach of employment contract.

COMPLAINT: UNDER F.R.C.P. 23    JURY DEMAND: [X] YES  [ ] NO

**VIII. RELATED CASE(S)** (See instructions)
IF ANY    JUDGE _____    DOCKET NUMBER _____

DATE: June 14, 2005    SIGNATURE OF ATTORNEY OF RECORD: [signature]    Deborah L. Gordon (P27058)

...SUANT TO LOCAL RULE 83.11

1.       Is this a case that has been previously dismissed?     ☐ Yes   ☒ No

   If yes, give the following information:

   Court: _____

   Case No.: _____

   Judge: _____

2.       Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.)     ☐ Yes   ☒ No

   If yes, give the following information:

   Court: _____

   Case No.: _____

   Judge: _____

   Notes: