UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHELLE HORTON,

    Plaintiff,

v.

Case No. 05-72356
Hon: AVERN COHN

48th DISTRICT COURT
and JAMES P. HARKINS, JR.,
individually and in his official capacity,

    Defendants.

_____/

## MEMORANDUM

### A.

This is an employment discrimination case. Plaintiff, a former employee of the 48th District Court, is suing the District Court and James P. Harkins, Jr., the District Court Administrator, individually and in his official capacity, claiming she was wrongfully discharged in violation of her legal rights. On November 1, 2006, the Court entered an order of disqualification. The case has been reassigned. The reasons for the disqualification and reassignment follow.

The case was initially assigned to another judge of this court. The case was set for trial to begin on November 13, 2006 with a status conference set for October 31, 2006. The case was transferred to the docket of this Court for docket efficiency and the availability of the Court to conduct the trial on the designated date.

The parties were advised of the reassignment and directed to attend the status conference with the Court on October 31, 2006.

B.

At the status conference the following events took place:

1.  The Court, sua sponte, raised the question of the Eleventh Amendment immunity of the 48th District Court as a defendant. Review of the record showed that the defense had not been pleaded notwithstanding ample authority. See Englar v. 41B District Ct., et. al., 2006 WL 2726985 (E.D. Mich. Sept. 22, 2006); Evans v. Raines, et. al., 2006 WL 2244139 (W.D. Mich. Aug. 4, 2006); Geller v. Washtenaw County, et. al., 2005 WL 3556247 (E.D. Mich. Dec. 29, 2005); Smith v. Oakland County Cir. Ct., et. al., 344 F. Supp. 2d 1030 (E.D. Mich. 2004). Plaintiff's response was that defendants waived the defense by failing to raise it and by participating in the summary judgment phase of the case. The Court questioned the response in that neither the defendants nor their counsel had authority to consent to federal court jurisdiction. See 1 Fed. Proc. L. Ed. §1:482 - Jurisdiction of Government Suits; Controversies Involving State Government; State Sovereignty Immunity; Waiver of Immunity and Consent to Suit.

2.  Defendants advised the Court that they had filed a motion to disqualify on the grounds that a letter-to-the-editor the Court wrote relating to the failure of the judges of the 48th District Court to join in a jail reduction program of the Oakland County Circuit Court raising serious questions regarding the reasons why the judges failed to join in the program  (see Exhibit A attached). Defendants put in their brief in support of the motion, the letter

> raise[d] serious questions of the Court's ability to be impartial. It certainly affects the appearance of impartiality not only to the litigants but the rest of the community

citing 28 U.S.C. § 455(a) and 28 U.S.C. § 144. Effectively, the motion charged personal

bias on the part of the Court against the defendants.

The grounds for the motion are puzzling. The Court Administrator did not sign an affidavit of prejudice. The individual judges are not defendants. The affidavit in support of the motion was signed by a lawyer for defendants. The Court said it would consider the motion after the conference was concluded.

3.      The Court then examined the proposed Joint Pretrial Statement. The statement disclosed that a number of the witnesses to be called at trial were well-known to the Court and some were friends.

After reading the witness list, the Court said it would withdraw from the case. The listed witnesses and the fact that the Court lives in a community served by the 48th District Court led it to the conclusion that the case should better be tried by a different judge.

C.

The grounds stated in the motion to disqualify (which is now moot) played no part in the decision to disqualify and the manner in which the motion to disqualify was framed does not give legitimacy to the argument in support.


Dated:  November 7, 2006               s/Avern Cohn
                                       AVERN COHN
                                       UNITED STATES DISTRICT JUDGE


I hereby certify that a copy of the foregoing document was mailed to the parties of record on this date, November 7, 2006, by electronic and/or ordinary mail.

                                        s/Julie Owens
                                       Case Manager, (313) 234-5160