UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Michelle Horton,

    Plaintiff,

v.                                             Case No.: 2:05-CV-72356

48th District Court and James P. Harkins, Jr.,     Honorable Sean F. Cox
Individually and in his official capacity,

    Defendants.
_____/

**OPINION & ORDER
DENYING DEFENDANT'S MOTION FOR DISMISSAL**

Plaintiff Michelle Horton ("Plaintiff") filed this action against the 48th District Court and James P. Harkins, Jr., in his individual and official capacity, (collectively "Defendants"), on June 14, 2005. Plaintiff's complaint asserts claims under 42 U.S.C. §1983 relating to her termination from employment at the 48th District Court in 2004. Jury selection began on November 21, 2006, with trial to start on November 27, 2006. The action is currently before the Court on Defendants' Motion for Dismissal, filed on November 11, 2006, in which Defendants assert that this action should be dismissed because they are entitled to Eleventh Amendment immunity. The Court heard oral argument on Monday, November 20, 2006. For the reasons discussed below, Defendants' motion shall be **DENIED** and this action shall proceed to trial as previously scheduled by this Court.

**BACKGROUND**

This case was filed by Plaintiff on June 14, 2005, and was originally assigned to the

1

Honorable John Feikens. Defendants filed an appearance on June 24, 2005, and filed an answer to the complaint, along with their affirmative defenses, on June 30, 2005. Defendants did not plead Eleventh Amendment immunity as an affirmative defense.

The parties then proceeded with discovery through the court-imposed discovery deadline of April 14, 2006. Thereafter, Defendants filed a Motion for Summary Judgment. That motion did not assert Eleventh Amendment immunity, but rather, sought summary judgment on the merits of Plaintiff's claims. In an Opinion & Order dated August 16, 2006, Judge Feikens granted the motion in part and denied the motion in part. Defendants' Motion for Summary Judgment was granted with respect to Plaintiff's §1983 due process claim based on the liberty interest in reputation and good name. The motion was denied with respect to Plaintiff's wrongful discharge claim, §1983 due process claim based on the property interest in continued employment and defamation claims. (*See* 8/16/06 Opinion & Order at 14).

On November 1, 2006, for purposes of docket efficiency, this matter was reassigned to the Honorable Avern Cohn for trial. Judge Cohn promptly withdrew from the case, however, after learning that he personally knew a number of the witnesses expected to be called at trial. An Order of Disqualification was issued by Judge Cohn on November 1, 2006. Prior to issuing that order, Judge Cohn conducted a status conference with the parties on October 31, 2006. As explained in a November 7, 2006 Memorandum, Judge Cohn *sua sponte* "raised the question of the Eleventh Amendment immunity of the 48th District Court as a defendant" at that status conference. (*See* 11/7/06 Memorandum at 2). The Memorandum further explained that Plaintiff asserted at the conference that Defendants waived the defense by failing to raise it and by participating in the summary judgment phase of the case. Judge Cohn noted that he "questioned

the response," but made no rulings regarding Eleventh Amendment immunity or any other issues in the case.

The action was reassigned to this Court on November 1, 2006. On November 9, 2006, during a status conference, the parties submitted a proposed Joint Final Pretrial Order for approval by the Court. The Court issued the Joint Final Pretrial Order on that same date. With respect to jurisdiction, the Joint Final Pretrial Order states:

> **(1) JURISDICTION**.
> The parties stipulate that this court has jurisdiction pursuant to 29 USC 1331 and 42 USC 1983.

(11/9/06 Jt. Final Pretrial Order at 1). On November 9, 2006, the Court issued a Memorandum of Status Conference and Order Regarding Trial that ordered that: trial briefs are to be filed by the parties on November 17, 2006; jury selection would begin on November 21, 2006; and trial is to begin on November 27, 2006.

Two days later, on November 11, 2006, Defendants filed a Motion for Dismissal, pursuant to FED. R. CIV. P. 12(b)(1), in which they assert that they are entitled to immunity from suit under the Eleventh Amendment of the United States Constitution. Defendants assert that "[u]nder the authority of the Federal Rules of Civil Procedure, this Court may dismiss Plaintiff's claims under §1983 if the Court lacks subject matter jurisdiction. Fed. Rules Civ. Pro. 12(b)(1)." (Defs.' Motion at 3).

## ANALYSIS

Defendants filed the instant motion on the eve of trial, asking the Court to dismiss this action based on Eleventh Amendment immunity.

The Eleventh Amendment provides: "The Judicial power of the United States shall not be

construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Conts. Amend. XI.  Although its precise terms bar only suits brought against one State by citizens of another State or foreign state, the amendment's applicability has been extended to suit by citizens against their own state. *Bd. of Trs. of the Univ. Of Ala. v. Garrett*, 531 U.S. 356, 363 (2001).

The entity asserting Eleventh Amendment immunity has the burden to show that it is entitled to immunity. *Nair v. Oakland County Comm. Mental Health Auth.*, 443 F.3d 469, 474 (6th Cir. 2006).

In response to Defendant's motion, Plaintiff asserts that assuming *arguendo* that Defendants could have asserted Eleventh Amendment immunity when this action was first filed in June, 2005, they have waived any such immunity by their actions during the course of this litigation.[1] The Court agrees.

"Unlike subject-matter jurisdiction, a State may waive Eleventh Amendment immunity through its own conduct: by legislation, *Port Auth. Trans-Hudson Corp. v. Feeney*, 495 U.S. 299, 305, 110 S.Ct. 1868, 109 L.Ed.2d 264 (1990); by removing an action to federal court, *Lapides v. Bd. of Regents of the Univ. Sys. of Ga.*, 535 U.S. 613, 616, 122 S.Ct. 1640, 152 L.Ed.2d 806

---

[1] In her Response to Defendants' Motion Plaintiff also argues that under Sixth Circuit authority this Court could not determine whether the 48th District Court is or is not an "arm of the state," and thereby able to invoke Eleventh Amendment immunity, based on the limited record before the Court.  Plaintiff also makes other arguments in opposition to Defendants' Motion, including that there is no valid argument that Defendant Harkin is immune from a claim for money damages in his individual capacity under the Eleventh Amendment and that the Eleventh Amendment has no bearing on Plaintiff's claim for prospective injunctive relief.  Given the Court's resolution of the waiver issue, the Court need not address these additional issues.

(2002); or by 'appearing without objection and defending on the merits,' *Ku v. Tennessee*, 322 F.3d 431, 435 (6th Cir. 2003)." *Id.*

In *Ku*, the Sixth Circuit explained that in recent decisions the United States Supreme Court has moved "in the direction of concluding that, in cases where the district court otherwise has original jurisdiction over the matter, the Eleventh Amendment immunity defense should be treated in the same way courts have traditionally treated personal jurisdiction rather than as a matter of subject matter jurisdiction. *Ku*, 322 F.3d at 432.

The *Ku* court first noted that in *Wisconsin Dept. of Corrections v. Schacht*, 524 U.S. 381, 388-89 (1998) the Supreme Court stated that in stark contrast to the concept of subject matter jurisdiction, "the Eleventh Amendment grants the State a legal power to assert a sovereign immunity defense should it choose to do so. The State can waive the defense." The court further noted that, as explained in Justice Kennedy's concurring opinion, "[i]n permitting the belated assertion of the Eleventh Amendment bar, we allow States to proceed to judgment without facing any real risk of adverse consequences." *Id.* at 394. Justice Kennedy offered the following suggestion to eliminate such unfairness and inconsistency in the future:

> The Court could eliminate the unfairness by modifying our Eleventh Amendment jurisprudence to make it more consistent with our practice regarding personal jurisdiction. Under a rule inferring waiver from the failure to raise the objection at the outset of the proceedings, States would be prevented from gaining an unfair advantage.

*Id.* at 395.

Later, in *Lapides*, "the Supreme Court adopted Justice Kennedy's reasoning" regarding removal and held that a State that was initially a defendant in state court and then voluntarily removed the case to federal court may not turn around and invoke the Eleventh Amendment as a

5

defense to suit in federal court. *Ku,* 322 F.3d at 434. The court further explained that:

> Although it is clear that the Court in *Lapides* adopted Justice Kennedy's rationale in *Schacht* regarding voluntary removal, it did not go so far as either to accept or reject his broader suggestion to treat the Eleventh Amendment immunity defense as one, like the defense of lack of personal jurisdiction, that can be permanently waived when a State fails to raise the objection at the outset of proceedings. Nevertheless, by creating a clear rule of waiver by removal, the Supreme Court has unequivocally rejected the view that, in cases over which the federal court otherwise has original jurisdiction, the additional 'jurisdictional bar' erected by the Eleventh Amendment should be treated as a matter of 'subject matter' jurisdiction rather than 'personal' jurisdiction. To say that voluntary removal constitutes a clear waiver is inconsistent with treating Eleventh Amendment immunity as a matter of subject matter jurisdiction. Instead, the rule is consistent only with the view that the immunity defense in cases otherwise falling within a federal court's original jurisdiction should be treated like the defense of personal jurisdiction.

*Ku*, 322 F.3d at 434-35.

The *Ku* court noted that in the case before it the State of Tennessee was brought in as a defendant in an action seeking relief for an alleged violation of §1983. Rather than asserting an Eleventh Amendment immunity defense, however, Tennessee "engaged in extensive discovery and then invited the district court to enter judgment on the merits." *Id*. "It was only after judgment was adverse to the State that it revealed that it had its fingers crossed behind its metaphorical back the whole time." The court stated that:

> In our view, this type of clear litigation conduct creates the same kind of 'inconsistency and unfairness' the Supreme Court was concerned with in *Lapides*. Following the rationale of Justice Kennedy in *Schacht* and the only consistent view of the line of authority endorsed in *Lapides*, **we hold that appearing without objection and defending on the merits in a case over which the district court otherwise has original jurisdiction is a form of voluntary invocation of the federal court's jurisdiction that is sufficient to waive a State's defense of Eleventh Amendment immunity.**

*Id*. (Emphasis added).

Here, Plaintiff's claims arise under 42 U.S.C. §1983 and it is therefore undisputed that this is a case over which this Court otherwise has original jurisdiction. Defendants never asserted Eleventh Amendment immunity during the entire 16 months that this case was pending before Judge Feikens. To the contrary, after Plaintiff filed this action, Defendants filed an appearance, an answer, and stated affirmative defenses. Defendants did not plead Eleventh Amendment immunity as one of its defenses, however, and they proceeded through discovery. After discovery was concluded, Defendants then filed a Motion for Summary Judgment in which they again did not assert Eleventh Amendment immunity, but rather, invited the district court to enter judgment on the merits of Plaintiff's claims. Indeed, Judge Feikens issued an Opinion and Order in which he granted summary judgment in favor of Defendants on the merits as to one of Plaintiff's claims.

The Court concludes that under *Ku*, Defendants have waived the defense of Eleventh Amendment immunity by appearing without objection in this action, proceeding through discovery, defending on the merits, and inviting the district court to enter judgment on the merits of Plaintiff's claims.

In addition, on November 9, 2006 – **after Judge Cohn had raised the issue of Eleventh Amendment immunity** – Defendants stipulated that this Court has jurisdiction over this matter. (*See* Joint Final Pretrial Order at 1). That action further supports the Court's conclusion that Defendants have waived Eleventh Amendment immunity under the circumstances presented here.

Accordingly, Defendants' Motion for Dismissal shall be denied and this matter shall proceed to trial as scheduled.

## CONCLUSION & ORDER

For the reasons set forth above, **IT IS ORDERED** that Defendants' Motion to Dismiss, brought pursuant to FED. R. CIV. P. 12(b)(1) [Docket Entry No. 10] is hereby **DENIED.**

**IT IS FURTHER ORDERED** that this matter shall proceed to trial and that all dates set forth in this Court's November 9, 2006 Memorandum of Status Conference and Order Regarding Trial [Docket Entry No. 32] shall remain in full force and effect.

**IT IS SO ORDERED.**

          S/Sean F. Cox
          Sean F. Cox
          United States District Judge

Dated:  November 21, 2006

I hereby certify that a copy of the foregoing document was served upon counsel of record on November 21, 2006, by electronic and/or ordinary mail.

          S/Jennifer Hernandez
          Case Manager